IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERESA MICHELLE WORD** | \* |
| | \* |
| **v.** | \* |
| | \*   Civil No.  JKS 11-332 |
| **MICHAEL J. ASTRUE** | \* |
| **Commissioner of Social Security** | \* |
| | \* |

**MEMORANDUM OPINION**

Claimant Teresa Michelle Word brought this action pursuant to 42 U.S.C. §405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claims for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-403, and Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382 *et seq*.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Word's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Word's motion for reversal will be denied, her alternative motion for remand will be granted, and Astrue's motion for summary judgment will be denied.

**I. Background.**

Word applied for DIB and SSI benefits under Titles II and XVI of the Social Security Act on May 1, 2007, alleging disability due to bipolar disorder, obsessive-compulsive disorder, and anxiety disorder.  (R. 108, 146).  Her amended onset date is March 12, 2007.  (R. 141).  After her claims were denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge, which was held on September 2, 2009.  (R. 26).  The ALJ, on

November 1, 2010, found that Word was not disabled within the meaning of the Act. (R. 7-19). The Appeals Council denied her request for review, rendering the ALJ's decision final.

## II.  ALJ's Decision.

The ALJ evaluated the claims under the five-step sequential evaluation process contained in 20 C.F.R. §§ 416.920(a) and 416.1520(a). The ALJ determined that Word has not engaged in substantial gainful activity since the alleged onset date and has the severe impairments of affective disorder and anxiety disorder. (R. 9). The ALJ determined at step three that these impairments or their combination did not meet or medically equal one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (R. 9-10). At step four, the ALJ determined that Word has the Residual Functional Capacity (RFC) to perform a limited range of medium, light, or sedentary work, and is unable to perform any past relevant work. (R. 10-11, 16). At step five, the ALJ determined, based on the testimony of a Vocational Expert, that jobs exist in significant numbers in the national economy that Word can perform. (R. 17-18). As a result, the ALJ concluded that Word is not disabled as defined in the Social Security Act. (R. 18).

## III.  Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater,* 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1995). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV.  Discussion.

Word alleges that the ALJ improperly rejected her treating physician's evaluation of her mental capacity, both in determining whether her condition met the criteria of a Listing and also in determining her RFC. The court agrees.

The ALJ found that Word does not have marked, but rather has only moderate, restrictions on activities of daily living, social functioning, and concentration, persistence or pace. Word points to Dr. Hunt's Medical Assessment form, on which he checked "yes" in response to whether she had marked restrictions in these areas, (R. 630-32), and his statement that she is "unable to function at work environment when symptomatic." (R. 635). She asserts that Dr. Hunt's opinion is supported by therapist Belinda Gordon-Battle, who stated on August 19, 2009, that Word is unable to fulfill daily tasks and activities and that her bouts with depression cause her to become incapacitated and unable to leave her home for several days. (R. 607). She also asserts that Dr. Hunt's opinion is consistent with the opinion of consultative examiner Dr. Duir, who reported on July 27, 2007, that Word has poor social functioning and that her concentration and task persistence and ability to tolerate and adapt to work-related stressors varies from days to weeks as she cycles rapidly in and out of depression and mania. (R. 417-20).

An ALJ must consider medical opinions together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating

physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it may be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). However, it may not be disregarded entirely without persuasive contradictory evidence. *Wilkins v. Secretary of DHHS*, 953 F. 2d 93, 96 (4th Cir. 1991). In addition, and in order to make judicial review possible, the ALJ must state the reasons for a decision to disregard the opinions of treating physicians. 42 U.S.C. § 405(b)(1); *DeLoatche v. Heckler,* 715 F. 2d 148, 150 (4th Cir. 1983).

The ALJ's stated reasons for rejecting Dr. Hunt's opinion were that it was inconsistent with the overall medical records and with Dr. Hunt's own treatment records. Regarding the overall medical records, the ALJ cited Word's self-reported ability to prepare light meals, clean, socialize with friends, read, follow instructions, and manage money (R. 14), and the August 16, 2007, assessment of Dr. Woods, a nonexamining consultant, who reviewed the then available records and concluded that Word is only mildly to moderately limited in continuity of performance, social interaction, and adaptation. (R. 15; *see* R. 439).[1] However, neither Word's report of her daily activities nor Dr. Woods' assessment provides substantial support for the decision to reject Dr. Hunt's opinion. Both Word and Dr. Woods reported that Word can perform daily tasks when she is not suffering from a bout of severe depression, but that she is unable to function when she is depressed. (R. 435). These records are not "persuasive contradictory evidence" sufficient to justify rejecting the treating physician's opinion.

---

[1] The ALJ also stated that he gave "significant weight" to the opinions of Drs. Woods, Duir, and Avery (although Avery is not a doctor), to the extent that they supported the ALJ's RFC but not to the extent that they did not support the RFC, (R. 15), a conclusory statement which provides no insight into how those opinions were evaluated.

To explain his conclusion that Dr. Hunt's opinion was inconsistent with his treatment notes, the ALJ described the progress note of October 11, 2007, as showing bipolar disorder with "only mild to moderate limitations," (R. 12, *see* R. 441), and the progress notes from February 21, 2008, through September 3, 2009, as showing good response to medication, no psychosis, appropriate affect, and improved mood swings. (R. 13). These statements do not accurately describe Dr. Hunt's notes. While Word often told Dr. Hunt that she was feeling euthymic, with improvement in OCD and mood swings, she also reported increases in mood swings and OCD on March 23, 2009, and Dr. Hunt noted that her symptoms were under only partial control on February 21, 2008, June 23, 2008, and August 21, 2008, adding new medications for mood stabilization and OCD on September 23, 2008. (R. 608-29). As noted, Dr. Hunt also reported that Word is functional only when she is not symptomatic. (R. 635).

Neither Dr. Hunt nor any other medical professional ever described Word as a person who was never able to function normally. Rather, the record is remarkably consistent in its indication that Word cycles repeatedly through periods of depression and mania, and that she is functional during her positive phases and almost totally dysfunctional during her negative phases. Evidence to support Dr. Hunt's opinion regarding these cycles is found at R. 420 (Dr. Duir), R. 511, 532-33 (Social Worker Avery), and R. 15 (hearing testimony). Dr. Woods, upon whom the ALJ purports to rely for the assessment that Word's limitations are only moderate, wrote that Word "is unable to function on bad days. When not as depressed, she has no problem with [daily activities]." (R. 435). The ALJ ignored all of this evidence in rejecting Dr. Hunt's opinion.

The Commissioner asserts that Dr. Hunt "failed to provide the requisite support for his conclusions," citing a lack of "medical signs and laboratory findings." Br. at 24-25. To the

contrary, Dr. Hunt's treatment notes fully support his conclusion that Word suffers from a cyclical and frequently-occurring inability to function.

In sum, in the face of abundant consistent evidence and without persuasive contradictory evidence, the ALJ improperly rejected the opinion of treating psychiatrist Dr. Hunt. Accordingly, the case will be remanded to the Commissioner for further consideration.

**V. Conclusion.**

For the foregoing reasons, Word's motion for reversal will be denied, Word's motion for remand will be granted, and Astrue's motion for summary judgment will be denied. A separate Order will be entered.

Date: <u>November 10, 2011</u>                              /S/
                                                    JILLYN K. SCHULZE
                                                    United States Magistrate Judge